```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

```
_____
                                   )
DEMOND HICKS,                      )
                 Plaintiff,        )
                                   )
       v.                          )     CIVIL ACTION
                                   )     NO. 18-12241-WGY
LIEUTENANT JAMES REDD, JR.,        )
                                   )
                 Defendant.        )
_____)
```

YOUNG, D.J.                                          May 7, 2019

**MEMORANDUM & ORDER**

The plaintiff Demond Hicks ("Hicks") sued Lieutenant James Redd, Jr. ("Redd") under section 1983 of chapter 42 of the United States Code for alleged violations of his Eighth Amendment rights.  Compl., ECF No. 1.  Redd seeks dismissal of the action on the basis of non-mutual claim preclusion.  Def.'s Mot. Dismiss Claim Preclusion, ECF No. 12; Mem. Law Supp. Def.'s Mot. Dismiss Claim Preclusion ("Def.'s Mem. Claim Preclusion"), ECF No. 13.  Redd contends that the Court's final judgment in Hicks' earlier lawsuit against Redd's subordinates precludes this suit.  See Judgment, Hicks v. Public Safety Sec'y, No. 17–cv-10195-WGY, ECF No. 73 (D. Mass. Oct. 12, 2018) ("Hicks I"), appeal docketed, No. 18-2041 (1st Cir. Oct. 24, 2018).

The present motion requires the Court to consider the bounds of res judicata.

I.      **PRINCIPLES OF RES JUDICATA**

First, res judicata "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 (1979).  To this end, the federal rules and courts encourage litigants to bring all related claims in a single lawsuit.  The rules do so, in part, by disallowing suits seeking to adjudicate claims that arise from the same nucleus of operative fact as claims that were previously adjudicated, and that were, or could have been, brought.  Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755-56 (1st Cir. 1994) (citing Kale v. Combined Ins. Co., 924 F.2d 1161, 1165 (1st Cir. 1991)); see also Fed. R. Civ. P. 18, 19, 20 (liberally permitting joinder of claims and parties).

Second, the federal rules facilitate claim preclusion with liberal amendment standards; pursuant to Federal Rule of Civil Procedure 15, a plaintiff may amend his or her complaint as matter of right within 21 days of service of the complaint or a responsive pleading, but also anytime thereafter with the permission of the opposing party or the court, which the court is "freely to give . . . when justice so requires."

Finally, "the achievement of substantial justice rather than symmetry is the measure of the fairness of the rules of res

judicata." Blonder-Tongue Labs. v. University of Ill. Found., 402 U.S. 313, 325 (1971) (quoting Bruszewski v. United States, 181 F.2d 419, 421 (3d Cir. 1950)).

Here, Hicks did not have an opportunity to sue Redd for alleged violations of his Eighth Amendment rights despite his sincere efforts beginning early in the litigation.  Applying the above principles to the present case, the Court rules that substantial justice is best achieved by allowing Hicks' case against Redd to move forward.

## II.  PROCEDURAL HISTORY

Hicks' attempt to sue Redd has taken a circuitous route, which the Court sketches out as it is relevant here.  See Medina-Padilla v. United States Aviation Underwriters, Inc., 815 F.3d 83, 85-86 (1st Cir. 2016) ("Where a motion to dismiss is premised on res judicata, [the court] may take into account, in addition to the well-pleaded facts in the complaint, the record in the original action.").

On February 1, 2017, Hicks filed a complaint against Daniel Bennett, the Secretary of the Massachusetts Executive Office of Public Safety and Security, and the Massachusetts Department of Corrections ("the Department") alleging various violations of the Americans with Disabilities Act and section 1983 of chapter 42 of the United States Code.  Compl., Hicks I, ECF No. 1. After Bennett and the Department moved to dismiss, Defs.' Mot.

Dismiss Failure State Claim and Mem. Law Supp. Defs.' Mot. Dismiss Failure State Claim, Hicks I, ECF Nos. 11-12, Hicks voluntarily dismissed Bennett and sought leave to amend to add three additional defendants: Officers "McGlynn" and "Povado" and Lieutenant "Redd," Notice Voluntary Dismissal Secretary Bennett and Mot. Amend Compl. Add 3 Defs., Hicks I, ECF Nos. 15-16.

On April 4, 2017, the Court allowed the Department's pending motion to dismiss "without prejudice to the filing of a motion to amend setting forth a plausible claim for relief against the individuals sought to be added as defendants." Order, Hicks I, ECF No. 20.

Hicks thus once again filed for leave to amend, with one critical error: in his motion to amend, he expressed an intent to "amend to reflect the identity and the actions of officers McGlynn, Povado, Redd," Mot. Leave File Am. Compl. Pursuant Ct.'s Order 4/4/17, Hicks I, ECF No. 22, but in the proposed complaint attached to his motion, he named only McGlynn and Polvado, Am. Compl., Hicks I, ECF No. 22-1.  This seeming oversight ultimately doomed Hicks' ability to include Redd in his original suit.

On April 13, 2017, the Court denied Hicks' motion to file an amended complaint, ruling that there were no allegations "concerning who, if anyone, is alleged deliberately to have denied the petitioner necessary medical care."  Order,

[4]

Hicks I, ECF No. 25.

On review, the First Circuit affirmed "the dismissal of all claims except for the Eighth Amendment Claim," ruling the allegations "sufficient to withstand a motion to dismiss an Eighth Amendment claim."  USCA Judgment, Hicks I, ECF No. 30.

Redd contends that Hicks "did not assign error with the Court's denial of his request to add Lt. Redd as a defendant" in his appeal to the First Circuit.  Def.'s Mem. Claim Preclusion 2.  This is not entirely accurate; Hicks' appeal to the First Circuit challenged this Court's dismissal of his complaint for failure to state a claim, which applied to all of the Defendants without distinction.  Notice Appeal Order Dismissing Case, Hicks I, ECF No. 26.  This Court infers that the First Circuit made no mention of Redd in its judgment because it considered only Hicks' proposed amended complaint, which named only McGlynn and Polvado, rather than the motion to amend, which named all three officers.[1]  Assuming that the First Circuit considered only Hicks' proposed amended complaint, the First Circuit's judgment affirming this Court's dismissal of Hicks' complaint with the exception of the Eighth Amendment claims against McGlynn and

---

[1] This assumption is critical to the Court's analysis.  If this Court understood that the First Circuit had considered the Eighth Amendment allegations as to Redd in addition to those as to McGlynn and Polvado, and nonetheless reversed this Court's order only as to the latter two officers, it would be clear that the present action is barred by a final judgment on the merits.

Polvado does not constitute a final judgment on the merits as to the viability of a claim against Redd.

After the First Circuit's ruling in June 2018, Hicks refiled his amended complaint (the version naming only McGlynn and Polvado), Hicks I, ECF No. 39, and the case was scheduled for trial on October 1, 2018.

Defendants McGlynn and Polvado made their pretrial disclosures on October 1, 2018. Hicks I, ECF Nos. 60-62. The Court notes, here, that McGlynn and Polvado did not strictly comply with Federal Rule of Civil Procedure 26(a)(3)'s requirement that each party make such disclosures at least thirty days before trial. Three days later, Hicks again filed to amend his complaint to include Redd, noting that the Defendants' pretrial disclosures evinced the import of Redd's inclusion in the suit. Hicks I, ECF No. 65. The Court dismissed this pending motion on the ground of timeliness at the start of the bench trial on October 10, 2018. Tr. Bench Trial 5:8-11, Hicks I, ECF No. 85.

## III. ANALYSIS

The Court's denial of the motion to amend (on the day of the trial) does not amount to an adjudication on the merits triggering claim preclusion because the Court's denial relied solely on the risk of disruption to the trial that was about to begin. See Integrated Techs. v. Biochem Immunosystems, 2 F.

[6]

Supp. 2d 97, 102-03 (D. Mass. 1998) (noting that a denial of a motion for leave to amend is not an adjudication on the merits when it is based "only on concern about its disruptive effect on the pending litigation," so "ordinary principles of claim preclusion should determine whether the plaintiff should be permitted to assert such a new claim in a separate lawsuit").

Further, nothing suggests that Hicks dawdled when the import of Redd's exclusion became clear to him, as he sought to amend his complaint just three days after the Defendants made their pretrial disclosures, which made frequent reference to the lieutenant.  Cf. Silva v. City of New Bedford. 660 F.3d 76, 80-81 (1st Cir. 2011) (no inequity in precluding plaintiff's claims against City based on preclusive effect of prior adjudication of similar claims against City's police officers when plaintiff "waited nearly ten months to move to amend her complaint," a delay that she did not explain).

Claim preclusion applies only when there is "(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions."  Banco Santander v. Lopez-Stubbe (In re Colonial Mortg. Bankers Corp.), 324 F.3d 12, 16 (1st Cir. 2003) (citing Gonzalez, 27 F.3d at 755).

The first two elements are present here: there was a final

[7]

judgment on the merits, see Tr. Bench Trial, and there is sufficient identicality between the causes of action, compare Compl. with Compl., Hicks I.

Had Redd been in privity with or sufficiently closely related to Officers McGlynn and Polvado, Hicks would be estopped from relitigating the claim he brought against McGlynn and Polvado against Redd, regardless of any prior attempt to include him.  See Negrón-Fuentes v. UPS Supply Chain Sols., 532 F.3d 1, 9 (1st Cir. 2008) ("[C]laim preclusion can sometimes operate in favor of a party -- e.g., one in privity with or closely related to a defendant from the original action -- who was not named in the previous law suit.").  McGlynn and Polvado lack a sufficiently close relationship with Redd, however, for res judicata to apply here.

Whether a sufficiently "close and significant relationship" exists is a fact-specific question.  Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 16 (1st Cir. 2010).  Since the purpose of res judicata is to prevent duplicative proceedings when the parties already had an incentive and opportunity to litigate all of their claims related to an issue, see Apparel Art Int'l v. Amertex Enters., 48 F.3d 576, 583 (1st Cir. 1995), courts assess whether the defendants in the earlier action had the same incentives to defend against the claims as the new defendant, see Rhode Island Hosp. Tr. Nat'l Bank v. Ohio Cas. Ins. Co., 789

F.2d 74, 82 (1st Cir. 1986).

Here, neither Polvado nor McGlynn had an incentive (beyond mere collegial loyalty) to protect Redd's rights.  In fact, the Court's findings following the October 10, 2018 bench trial rested on the absence the evidence that the delay of which Hicks complained was attributable to McGlynn or Polvado.  More specifically, the Court found that the delay could not be attributed to McGlynn because he promptly reported Hicks' medical need to Redd.  Tr. Bench Trial 86:19-25, 89:10-14.  It is quite possible, therefore, that a delay could be attributed to Redd, who, according to the Court's October 10, 2018 findings, learned of Hicks' medical need at approximately 12:35 p.m.  Tr. Bench Trial 85:2-86:17.  Hicks was not removed from his cell for medical treatment until approximately 12:59 p.m.  Id. at 87:13-18.

The Court expresses no view on the merits but simply notes the facts above as they relate to its conclusion that Hicks' allegations as to Redd are materially different from those as to McGlynn and Polvado.  See In re El San Juan Hotel Corp., 841 F.2d 6, 14 (1st Cir. 1988) (holding that res judicata did not bar similar claims against one co-defendant where factual allegations were distinct); see also Casilla v. New Jersey State Prison, No. 05-cv-4590-FLW, 2008 WL 4003664, at *7-8 (D.N.J. Aug. 22, 2008) (holding prior summary judgment ruling in favor

of commissioner of state department of corrections did not preclude section 1983 deliberate indifference claim against prison administrator when prior case rested on insufficient evidence specific to that defendant's role in plaintiff's injury).

## IV. CONCLUSION

As the facts laid out above demonstrate, Hicks timely evinced an effort to bring this claim against Redd.  In addition, Redd lacks sufficient identicality to the defendants named in the prior trial to require <u>res judicata</u> to apply.  Redd's motion to dismiss is hereby DENIED.  As this case overlaps <u>Hicks I</u> in major respects, all parties will be served by a prompt trial.  The case is placed on the September running trial list.

**SO ORDERED.**

<u>/s/ William G. Young</u><br>
WILLIAM G. YOUNG<br>
DISTRICT JUDGE